**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JAMES MCINTOSH | |
| Appellant | No. 676 EDA 2016 |

Appeal from the PCRA Order February 10, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0210661-2001

BEFORE: BOWES, PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 19, 2016**

James McIntosh appeals from the February 10, 2016 order dismissing his second PCRA petition as untimely filed. We affirm.

On August 22, 1994, Appellant, Travis Hall, and several other men decided to rob Marie's Variety Store, which contained drugs and cash and was located in Philadelphia. Travis Hall drove a van carrying his armed co-conspirators to the targeted location, where Asley Espuet and Skirvy Powell were present. The assailants pretended to be police conducting a drug raid, and, when Powell attempted to escape, he was shot three times and wounded. After taking the money and cash, the cohorts forced Espuet into the van, and, during their escape, shot and killed him.

* Retired Senior Judge assigned to the Superior Court.

In 1996, Travis Hall was arrested in connection with a federal prosecution involving a bank robbery. Powell told authorities about the events of August 22, 1994; as a result, Appellant was taken into custody in 2000 for his participation in the crimes. In July 2002, a jury convicted Appellant of second-degree murder, robbery, aggravated assault, kidnapping, criminal conspiracy, and possession of an instrument of crime. The court sentenced Appellant to life imprisonment for murder and a concurrent, aggregate term of twenty-seven and one-half to fifty-five years incarceration for the other offenses.

After sentencing, Appellant filed a direct appeal, in which we affirmed, ***Commonwealth v. McIntosh***, 849 A.2d 607 (Pa.Super. 2004) (unpublished memorandum). His subsequent petition for allowance of appeal was denied. ***Commonwealth v. McIntosh***, 860 A.2d 489 (Pa. 2004). While Appellant did not seek review in the United States Supreme Court, he filed a timely PCRA petition. Counsel was appointed and filed an amended PCRA petition. Relief was ultimately denied, and we affirmed on appeal. ***Commonwealth v. McIntosh***, 964 A.2d 440 (Pa.Super. 2008) (unpublished memorandum), *appeal denied*, 980 A.2d 110 (Pa. 2009).

Appellant filed his second PCRA petition on August 23, 2012, and amended it on April 5, 2013. After the court issued notice of its intent to dismiss the petitions without a hearing, Appellant responded with another amendment to the PCRA petition on July 5, 2015. On November 30, 2015,

- 2 -

Appellant filed a document that we will construe as a third amendment to the PCRA petition. This appeal followed the February 10, 2016 dismissal of Appellant's petition for PCRA relief as time barred.

Appellant's brief does not contain a statement of issues involved; hence, we summarize his appellate positions: 1) he is entitled to relief under the Supreme Court's pronouncement in *Miller v. Alabama*, 132 S.Ct. 2455 (2012); 2) he properly invoked an exception to PCRA's time constraints when he averred that the Commonwealth withheld exculpatory evidence relating to Commonwealth witnesses James Robert and Travis Hall; and 3) he satisfied the newly-discovered evidence exception in the November 30, 2015 filing.[1]

Initially, we observe that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa. Super. 2016) (quoting *Commonwealth v. Treiber,* 121 A.3d 435, 444 (Pa. 2015)). Herein, the PCRA court dismissed Appellant's PCRA petition as untimely.

---

[1] We note that Appellant does not fully develop his latter two positions in his appellate brief, and instead, continually refers us to filings that he made in the trial court. While we could deem those issues waived, in the interests of justice we have endeavored to address them in a cogent manner.

All PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014). (citation omitted); **see also Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006).

To calculate the one-year filing deadline, we first determine when Appellant's judgment of sentence became final. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Appellant's petition for allowance of appeal was denied on September 14, 2004, and, since he did not seek review with the United States Supreme Court, his judgment of sentence became final ninety days thereafter, or on December 13, 2004. **Miller**, **supra** (where our Supreme Court denies allowance of appeal and no further review is sought, a defendant's sentence becomes final when the ninety-day period for filing a petition for a writ of *certiorari* expires). Appellant had until December 13, 2005, to file a timely PCRA petition, and the instant petition, presented in 2012 and amended during 2013 and 2015, is patently untimely. There are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant first seeks relief under **Miller v. Alabama**, **supra**, which was made fully retroactive in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016).[2]  **Miller** held that it was unconstitutional to impose a mandatory term of life imprisonment without parole on juvenile homicide offenders. Appellant asserts that the case created a newly-recognized constitutional right applicable to him and his claim falls within the exception contained in § 9545(b)(1)(iii).  The record establishes that Appellant was born in 1953 and was forty-one years old in 1994, when these crimes were committed. Appellant maintains that **Miller** has language suggesting that it may apply to

_____

[2] We observe that the **Miller** claim was presented in the 2012 PCRA petition, and was facially timely.

- 5 -

adults and that it should under the equal protection clause. However, *Miller's* holding was firmly premised upon the unique characteristics of a juvenile's mind in contrast to that of an adult. It does not imply to any extent that adults cannot be sentenced to a mandatory term of life imprisonment without parole. *See Commonwealth v. Cintora*, 69 A.3d 759 (Pa.Super. 2013) (*Miller* inapplicable to a defendants who were nineteen and twenty-one when they committed murders). We reject Appellant's equal protection argument as wholly undeveloped, and thus conclude that PCRA relief was properly denied in connection with Appellant's invocation of *Miller*.

Appellant also asserts that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence regarding two Commonwealth witnesses. "Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008); *see also Commonwealth v. Porter*, 35 A.3d 4 (Pa. 2012).

In his April 5, 2013 amendment, Appellant averred that the Commonwealth violated *Brady* by withholding evidence that Commonwealth witness James Roberts, who was arrested on February 24, 2011 for a

murder committed on February 1, 1999, was under investigation for that crime when he testified at Appellant's 2002 trial. Appellant would have us surmise that the Commonwealth knew in 2002 that Roberts committed the 1999 murder, even though Roberts was not arrested until 2011, and that this fact should have been disclosed to him for impeachment purposes.

Appellant provides not a scintilla of proof that the Commonwealth knew in 2002 that Roberts committed the 1999 crime and shielded that fact from him. Bare assertions that the government was in possession of and hid evidence from a defendant, when those assertions are unaccompanied by any type of support, are insufficient to invoke the governmental interference exception. ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008). Additionally, Roberts was arrested in 2011, and this ***Brady*** claim was first presented in 2013. Appellant did not properly invoke the governmental interference exception for the additional reason that he failed to establish that he exercised due diligence in presenting this claim.

Appellant's next issue on appeal concerns Travis Hall. In his July 5, 2015 amendment, Appellant raised another ***Brady*** violation by contending that he should have been informed by the prosecution that, during the 1996 federal bank robbery investigation, Hall gave a statement similar to the one herein, *i.e.*, Hall told police that he had driven the get-away car. ***See Commonwealth v. Roney***, 79 A.3d 595 (Pa. 2013) (where the Pennsylvania Supreme Court set forth the contents of Hall's 1996 statement

about his involvement in the bank robbery). Appellant asserts that he could have impeached Hall with the statement made in connection with the federal bank robbery.

In his July 5, 2015 amendment, Appellant averred that he first learned about Hall's 1996 statement on June 9, 2015, from an unidentified jailhouse source. Not only was the **Roney** decision, which clearly outlined the contents of Hall's statement, published on October 30, 2013, Appellant knew about Hall's involvement in the 1996 bank robbery because it was revealed at Appellant's 2002 trial that Hall was prosecuted and sentenced in that matter. Appellant proffers no explanation as to why, employing due diligence, he could not have discovered Hall's 1996 statement before June 9, 2015. Hence, we conclude that the governmental interference exception does not apply to this claim.

Appellant's final position is that he properly invoked the newly-discovered facts exception in his November 30, 2015 amendment. This exception "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence'" in discovered those facts. **Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2007). Appellant's averment relates to a June 29, 2015 affidavit, which was filed of record herein on November 30, 2015, from Richard Rasheed Corbin, a fellow inmate. Therein, Corbin attested that James Roberts told Corbin that he lied at Appellant's trial. This claim is premised upon a hearsay statement made

- 8 -

by Roberts to Corbin.  As our High Court articulated in **Abu-Jamal**, **supra** at 1269, "a claim based on inadmissible hearsay does not implicate" the newly discovered evidence exception.  Additionally, Appellant did not raise his claim within sixty days of when it first could have been presented.  Corbin's affidavit is dated March 28, 2015, and it was given to defendant on June 29, 2015.  Appellant did not present his claim based upon the affidavit until November 30, 2015, which was outside the sixty days permitted under § 9545(b)(2).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2016